UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ARTHUR LEE PRICE**                                                                    **CIVIL ACTION**

**VERSUS**                                                                                        **NO: 22-84**

**EAGLE, INC., ET AL.**                                                                    **SECTION: T (2)**

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendants, Union Carbide Corporation ("Union Carbide") and Montello, Inc. ("Montello").[1] Plaintiff, Arthur Lee Price, did not file an opposition.

For the following reasons, the Motion is **GRANTED**.

## FACTUAL BACKGROUND

This matter involves claims for damages related to alleged exposure to asbestos and asbestos-containing products under negligence, intentional concealment and fraud, and failure to warn causes of action.[2] Among other defendants, Plaintiff seeks damages from Union Carbide and Montello as asbestos "miner, manufacturer, seller, supplier, distributor, equipment and contractor defendants" whose products he came into contact with during the course of his work.[3] Union Carbide manufactured an asbestos product called "Calidria," which was occasionally used as a drilling mud additive.[4] Montello was the exclusive distributor of Union Carbide's drilling mud additives.[5] Montello sold mud additives to companies who in turn sold them to oilfield operators

---

[1] R. Doc. 77.
[2] R. Doc. 1-2
[3] *Id.*
[4] R. Doc. 77-1.
[5] *Id.*

1

or drilling contractors under names including "Visbestos" or "Super Visbestos."[6] Union Carbide and Montello now move for summary judgment as to the claims against them.[7] According to Union Carbide and Montello, Plaintiff did not specifically recall using any materials sold or distributed by them at any point or with any frequency sufficient to cause his health conditions.[8] To support their argument, Union Carbide and Montello provide affidavits indicating their product was infrequently used in Plaintiff's type of work.[9] They also show that Plaintiff was unable to name or identify their products on his own recollection, only doing so in response to a leading question giving the name of a product specifically.[10]

## LAW AND ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[12] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party.[13] After the movant meets his burden, the burden shifts to the non-movant to show the existence of a genuine issue for trial.[14] In doing so,

---

[6] *Id.*
[7] R. Doc. 77.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 77-1.
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[12] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).
[13] *Celotex,* 477 U.S. at 323.
[14] *Gernain v. U.S. Bank Nat' Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

the non-movant must submit "significant probative evidence" in support of his claim.[15] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[16] However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[17]

A plaintiff seeking recovery in toxic tort matters must prove specific causation.[18] To meet this burden, a Plaintiff must prove significant exposure to a particular defendant's product to the extent that such product was a substantial contributing factor in causing their alleged injury.[19] "Mere possibility, and even unsupported probability, are not sufficient to support a judgment in plaintiff's favor."[20] In this case, Union Carbide and Montello aver that Plaintiff can provide no admissible evidence of the use of their product even once, and therefore not with the sufficient frequency, intensity, and duration to establish it as a contributing factor to his health conditions.

The evidence provided indicates Plaintiff was unable to identify a product of either Union Carbide or Montello that he used, and only agreed to the suggestion of his own counsel in a leading question. There are no other supporting documents, evidence, or deposition testimony to indicate any Union Carbide or Montello product was used by Plaintiff at all, or was present in any materials used by or around Plaintiff. Plaintiff could only recall he "read something that said asbestos."[21] Plaintiff did not provide any evidence to contradict the evidence before the Court in the instant Motion. Finding Plaintiff cannot meet his burden of proving he used any Union Carbide or

---

[15] *State Farm Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[17] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065.
[19] *Id.*; *Vodanovitch v. A.P. Green Indus., Inc.*, 03-1079 (La. App. 4 Cir. 3/3/04), 869 So.2d 930.
[20] *Vodanovitch*, 869 So.2d at 934.
[21] R. Doc. 77-5.

Montello products even once, and therefore cannot meet his burden of proving causation, the motion for summary judgment filed by Union Carbide and Montello is **GRANTED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[22] is **GRANTED**, and all claims of Plaintiff as against Defendants, Union Carbide and Montello, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 27th day of March, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 77.